Anthony Chris **COLEMAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–89–00914–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 9, 1990.

John H. Regner, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Roger A. Haseman, Brigitte Peters, Asst. Dist. Attys., for appellee.

Before EVANS, C.J., and O'CONNOR and DUNN, JJ.

ON MOTION FOR REHEARING

DUNN, Justice.

We deny the motion for rehearing, withdraw our earlier opinion dated June 14, 1990, issue this opinion, and affirm the judgment of the trial court.

This is an appeal from a conviction of delivery of cocaine weighing less than 28 grams. Appellant, Anthony Chris Coleman, pled not guilty. The jury found appellant guilty and, after finding the enhancement paragraph true, assessed punishment at 15 years confinement in the Texas Department of Corrections.

Houston Police Department Officer A.L. Watkins testified that on March 21, 1989, he went to an apartment complex at 5901 Selinsky Street, in Harris County, Texas, to execute a search warrant. Watkins stated that before executing the search warrant he wanted to make a "buy" to ensure that drugs were at this location. Watkins was alone in an unmarked car and wore plain clothes. After Watkins arrived at the apartment complex and before he had gotten out of the car, he was approached by appellant and several other males. Watkins testified that when appellant asked him what he needed, he replied that he wanted $20 worth of cocaine. Watkins gave appellant a marked $20 bill in exchange for the cocaine and drove off. Watkins notified the raid team of the "buy," and gave them a description of the clothes that appellant was wearing. When the raid team approached the apartment complex, appellant and the other men ran from the area. Appellant was arrested and returned to the scene, and Watkins identified him as the person from whom he had earlier made the "buy."

Officer Howard Nichols testified that after appellant was arrested, he conducted a search of appellant and found the marked $20 bill.

Appellant testified that when Watkins pulled into the apartment complex, Watkins asked him if drugs were sold out of apartment 31. He said, "No." Appellant stated that, as he walked toward Watkins' car, he noticed a car telephone, asked Watkins if he wanted to sell the car phone, and Watkins said, "No"; that, shortly thereafter, five to six other men approached Watkins and asked if he wanted to buy some drugs; that Watkins asked one of the men to give him a 20; and that Watkins gave one of the men a $20 bill in exchange for drugs. Appellant testified that after Watkins pulled off, he heard someone yell that a police van was nearby, and that he and the other men took off running. Appellant admitted that the marked $20 bill was found on his person, but did not know how it came into his

possession. He further stated that he did not get the marked bill from Watkins.

K.K. Alexander, a Houston Police Department chemist, testified he determined the substance in question was 95.8% pure cocaine, weighing less than 28 grams.

Appellant's first ground of error argues that the trial court failed to grant his motion for instructed verdict.

■ At the conclusion of the State's case, appellant moved for an instructed verdict on the grounds that the State failed to prove its case by legally competent evidence. After appellant's motion was overruled, appellant testified. When a defendant makes a motion for an instructed verdict, which is denied, and he then puts forth a defense, he cannot challenge the court's denial of the motion for instructed verdict on appeal. *Kuykendall v. State,* 609 S.W.2d 791, 794 (Tex.Crim.App.1980); *Rasco v. State,* 739 S.W.2d 437, 440 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd). Because appellant presented evidence after the motion for instructed verdict was denied, he cannot challenge the trial court's ruling on the motion for an instructed verdict.

■ Within this point, appellant complains there was insufficient evidence to sustain the verdict because the State failed to offer or present the marked $20 bill into evidence. Appellant does not cite any authority to support his argument that marked money must be admitted into evidence to sustain a conviction for the offense of delivering cocaine.

■ In reviewing the sufficiency of the evidence, the appellate court must examine the evidence in a light most favorable to the prosecution. *Gonzales v. State,* 689 S.W.2d 900, 901 (Tex.Crim.App.1985). If after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, the judgment will stand. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.

1986), *cert. denied,* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). This standard applies to circumstantial evidence as well as to direct evidence. *Denby v. State,* 654 S.W.2d 457, 464 (Tex.Crim.App.1983) (op. on reh'g). This standard of review incorporates the principle that a conviction cannot be sustained if the circumstances do not exclude every other reasonable hypothesis of guilt. *Johnson v. State,* 673 S.W.2d 190, 195 (Tex.Crim.App.1984).

In the instant case, the State was not required to offer the marked bill into evidence because it was not an element of the offense of delivering cocaine. Section 481.-112(a), Manufacture or Delivery of Substance in Penalty Group 1, provides:

(a) Except as authorized by this chapter, a person commits an offense if the person knowingly or intentionally manufactures, delivers, or possesses with intent to manufacture or deliver a controlled substance listed in Penalty Group 1.

TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (Vernon Pamph.1990).

■ Actual delivery of a controlled substance consists in completely transferring real possession and control of the substance from one person to another. *Conaway v. State,* 738 S.W.2d 692, 695 (Tex. Crim.App.1987).

The record here reflects that appellant transferred possession of cocaine to Watkins in exchange for $20. Thus, the evidence is sufficient to support the conviction of delivering cocaine.

■ Appellant further asserts that the State's failure to produce the marked $20 caused the jury to arrive at an improper verdict. Assuming that the trial court did err, we will review the record to determine if the trial court's error contributed to appellant's conviction or punishment. TEX.R. APP.P. 81(b)(2).

The record establishes that when Watkins arrived at the apartment complex, appellant asked Watkins what he wanted, and Watkins gave him a $20 bill in exchange

for some cocaine. The testimony also showed that after Watkins had made the "buy" and notified the raid team, appellant and his friends ran from the area. Shortly thereafter, appellant was arrested, returned to the scene of the "buy," and was identified by Watkins. Nichols testified that, when he searched appellant, he found the marked $20 bill on appellant. Furthermore, appellant admitted that the $20 bill was found in his possession. After reviewing the evidence, it is reasonable to conclude that the State's failure to produce the marked $20 bill did not contribute to appellant's conviction or punishment.

Appellant's first point of error is overruled.

Appellant's second point of error argues that the trial court erred in charging the jury on the enhanced punishment range of 15 to 99 years and a fine not to exceed $10,000.

■ This issue was raised by objection in the trial court. When error is properly preserved at trial, any harm, regardless of the degree, is sufficient to require reversal of the conviction. *Gibson v. State*, 726 S.W.2d 129, 133 (Tex.Crim.App.1987). To determine whether reversal is required, there must be some harm to the accused from the error. *Almanza v. State*, 686 S.W.2d 157, 172 (Tex.Crim.App.1985) (op. on reh'g).

■ Defendant urges the trial court charged the jury on the incorrect range of punishment, and the correct range of punishment should have been two to 20 years confinement. The jury charge is as follows:

If you find the allegations in the enhancement paragraph of the indictment are true, you will assess the punishment of the defendant at confinement in the Texas Department of Corrections for not less than fifteen years nor more than ninety-nine years or life. In addition thereto, you may assess a fine not to exceed $10,000.00.

If you find the allegations in the enhancement paragraph are not true, you will assess the punishment of the defendant at confinement in the Texas Department of Corrections for not less than five years nor more than ninety-nine years or life. In addition thereto, you may assess a fine not to exceed $20,000.00.

Appellant's argument is premised on an incorrect classification of the offense as a second degree felony. Cocaine is a penalty group one controlled substance. TEX. HEALTH & SAFETY CODE ANN. § 481.102(3)(D)(i) (Vernon Pamph.1990). Delivering cocaine weighing less than 28 grams is a first degree felony. TEX. HEALTH & SAFETY CODE ANN. § 481.112(b) (Vernon Pamph.1990). This offense carries a punishment range of five to 99 years or life and a fine not to exceed $20,000. TEX. HEALTH & SAFETY CODE ANN. § 481.106(a) and (b) (Vernon Pamph.1990). Furthermore, a conviction under the Health and Safety Code may be enhanced under the Health and Safety Code or the Penal Code. TEX. HEALTH & SAFETY CODE ANN. § 481.107(f) (Vernon Pamph.1990); TEX. PENAL CODE ANN. § 12.42 (Vernon Supp.1990). Thus, the jury charge was not incorrect because when appellant's first degree felony conviction was enhanced by § 12.42(c), it increased the punishment range to 15 to 99 years or life and a fine not to exceed $10,000.

Next, appellant asserts his conviction should have been classified as a third degree felony offense under TEX. PENAL CODE ANN. § 12.41 (Vernon Supp.1990), and enhanced to a second degree felony under § 12.42(a). Section 12.41 reads as follows:

For purposes of this subchapter, any conviction not obtained from a prosecution under this code shall be classified as follows:

(1) a "felony of the third degree" if confinement in a penitentiary is affixed to the offense as a possible punishment;

TEX. PENAL CODE ANN. § 12.41(1) (Vernon Supp.1990).

930

In *Childress v. State*, 784 S.W.2d 361, 365 (Tex.Crim.App.1990), the Court of Criminal Appeals stated that § 12.41 was intended to classify convictions for offenses defined outside the Penal Code that are *to be* enhanced. Whether a conviction was obtained from a prosecution under the Penal Code depends on whether the "outside" statute defining the offense affixes punishment as *classified* in the Penal Code. *Id.* The court held that § 12.41 applies to determine classification of an offense *to be* enhanced under subchapter D of chapter 12 of the Penal Code when that offense is defined outside the Penal Code and not classified in accordance with its provisions. *Id.* Thus, § 12.41 is not applicable here because punishment for the offense of delivering cocaine is defined outside the Penal Code as a first degree felony, and is classified in accordance with the Penal Code provisions.

The trial court did not err in charging the jury on the range of punishment, as the charge correctly set out the penalty range for the punishment and the penalty range for an enhanced conviction.

Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.