Opinion issued June 13, 2002








 






In The

Court of Appeals

For The

First District of Texas






NOS. 01-01-00098-CR

 01-01-00099-CR

____________


DENISE MARIE SMITH, Appellant


V.


THE STATE OF TEXAS, Appellees






On Appeal from the 209th District Court

Harris County, Texas

Trial Court Cause Nos. 828517 & 834869






O P I N I O N

 Denise Marie Smith, appellant, pleaded not guilty to delivery of a controlled
substance, namely cocaine, in an amount less than one gram, and possession of a
controlled substance, namely cocaine, in an amount weighing more than one gram but
less than four grams. Both indictments contained two enhancement paragraphs
alleging convictions for burglary of a building and theft. (1) A jury found her guilty
and, after finding both enhancements true, assessed punishment at confinement for
four years for delivery and 25 years for possession. In four points of error, appellant
argues the evidence was legally and factually insufficient to support the two
convictions. We affirm.

Background


 On November 10, 1999, Houston Police Officer Michelle Sinai got a tip from
an anonymous source that a woman named "Kim" was dealing drugs, and the tipster
provided Kim's pager number. Sinai called the pager, and someone who identified
herself as "Kim" responded to the page. Sinai told Kim she wanted a "50-pack" -
street slang for $50 worth of crack cocaine. Kim agreed and told Sinai to meet her
in 30 minutes.

 Sinai waited for Kim at the predetermined location, while two undercover
officers conducted surveillance from a store nearby and an arrest team parked around
the corner. Kim pulled up in a van and asked Sinai to get in. Kim, who was alone in
the van, gave Sinai $50 worth of crack cocaine in exchange for Sinai's $50. Sinai got
out of the van and signaled the surveillance officers.

 Officer Jerry McFarlane, a uniformed police officer in a marked car,
approached appellant's van and asked her to get out of the van. Sgt. Culak searched
the van and found the money Sinai gave Kim on top of 3.1 grams of crack cocaine in
Kim's purse. 

Sufficiency


 A legal sufficiency challenge requires us to determine whether, after viewing
the evidence in the light most favorable to the prosecution, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Jones v. State,
944 S.W.2d 642, 647-48 (Tex. Crim. App. 1996).

 We note that, as the exclusive judges of the facts, the credibility of the
witnesses, and the weight to be given their testimony, the jury may believe or
disbelieve all or any part of a witness's testimony. Penagragh v. State, 623 S.W.2d
341, 343 (Tex. Crim. App. [Panel Op.] 1981) ("A jury is entitled to accept one
version of the facts and reject another or reject any of a witness's testimony.").

 In reviewing the factual sufficiency of the evidence, we examine all the
evidence neutrally, and ask whether proof of guilt is so obviously weak or greatly
outweighed by contrary proof as to indicate that a manifest injustice has occurred. 
King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000). We will reverse the fact
finder's determination only if a manifest injustice has occurred. Id. In conducting
our analysis, we may disagree with the jury's determination, even if probative
evidence supports the verdict, but must also avoid substituting our judgment for that
of the fact finder. Id. A review of the sufficiency of the evidence requires us to
consider all evidence admitted, including any evidence which may have been
erroneously admitted. Beltran v. State, 728 S.W.2d 382, 389 (Tex. Crim. App. 1987).

Delivery

 In points of error one and two, appellant argues the evidence was legally and
factually insufficient to support her conviction for delivery of a controlled substance.

 Viewing the evidence in the light most favorable to the prosecution, the jury
was presented with the following incriminating evidence: (1) Kim responded to a call
from Officer Sinai, who had received a tip that a drug dealer named "Kim" was
dealing drugs, (2) Sinai gave appellant marked money in exchange for a 50-pack, (3)
Officer Culak found appellant's open purse next to the driver's seat in the van, (4) the
money was found in appellant's purse, and it matched the photocopied money, (2) and
(5) appellant was the only person in the car. We hold the evidence was legally
sufficient to support the jury's finding of guilt.

 Appellant presented no testimony or evidence. In support of her factual
sufficiency argument, appellant simply states "the record fails to prove as a matter of
fact that the Appellant intentionally or knowingly delivered cocaine." She contends
the evidence was so weak as to undermine confidence in the jury's determination. A
court of appeals must show deference to a jury finding. Cain v. State, 958 S.W.2d
404, 409 (Tex. Crim. App. 1997). Viewing all the evidence neutrally, the jury could
have reasonably concluded from the evidence that appellant in fact intentionally and
knowingly delivered cocaine. A jury decision is not manifestly unjust merely because
the jury resolved conflicting views of evidence in favor of the State. Id. at 410. We
will not substitute our judgment for that of the jury. Id. We hold the evidence was
factually sufficient to support the jury's finding of guilt of delivery of cocaine.

 We overrule points of error one and two.

Possession 

 In points of error three and four, appellant argues the evidence was legally and
factually insufficient to support her conviction for possession of a controlled
substance. To establish appellant's control and knowledge of the cocaine, the State
must prove more than she was merely in the vicinity of the controlled substance, it
must provide affirmative links between appellant and the contraband. See Hurtado
v. State, 881 S.W.2d 738, 743 (Tex. App.--Houston [1st Dist.] 1994, pet. ref'd). 
Factors that may establish such affirmative links include whether: (1) the contraband
was in plain view; (2) the contraband was conveniently accessible to the accused; (3)
the accused was the owner of the place where the contraband was found; (4) the
accused was the driver of the automobile in which the contraband was found; (5) the
contraband was found on the side of the car seat where the accused was sitting; (6)
the place where the contraband was found was enclosed; (7) the odor of marijuana
was present; (8) paraphernalia to use the contraband was in view of or found on the
accused; (9) conduct by the accused indicated a consciousness of guilt; (10) the
accused has a special connection to the contraband; (11) occupants of the automobile
gave conflicting statements about relevant matters; (12) the physical condition of the
accused indicated recent consumption of the contraband found in the car; and (13)
affirmative statements connect the accused to the contraband. Gilbert v. State, 874
S.W.2d 290, 298 (Tex. App.--Houston [1st Dist.] 1994, pet. ref'd). 

 Viewing the evidence in the light most favorable to the prosecution, the jury
was presented with the following incriminating evidence: (1) the cocaine was found
in appellant's purse that was conveniently accessible to her; (2) circumstantial
evidence proved the purse was appellant's because it contained her driver's license
as well as the money Sinai had just given her; (3) appellant was the driver, and only
occupant, of the van; (4) the cocaine was found on the same side of the car seat as
appellant, and (5) appellant had control of the van at the time the drugs were
discovered. (3) We hold the evidence was legally sufficient to support the jury's finding
of guilt.

 Again, appellant presented no testimony or evidence. In support of her factual
sufficiency argument, appellant relies on the alleged conflicts between Sinai and
Culak's testimony. Sinai testified she did not see the additional drugs in appellant's
purse, whereas Culak testified the drugs were in the purse in plain view under the
marked money Sinai gave appellant. Appellant contends the evidence was so weak
as to undermine confidence in the jury's determination. In fact, there was no
testimony Sinai looked in appellant's purse or even noticed she had a purse next to
her seat. What weight to give alleged contradictory testimonial evidence is within the
sole province of the jury because it turns on an evaluation of credibility and
demeanor. Cain, 958 S.W.2d at 408-09. Thus, the jury was free to believe or
disbelieve all or any part of Sinai and Culak's testimony. A court of appeals must
show deference to such a jury finding. Id. at 409. A jury decision is not manifestly
unjust merely because the jury resolved conflicting views of evidence in favor of the
State. Id. at 410. We will not substitute our judgment for that of the jury. Id. We
hold the evidence was factually sufficient to support the jury's finding of guilt of
possession of cocaine.

 We overrule points of error three and four.

Conclusion


 We affirm the judgment.

 


 Frank C. Price

 Justice


Panel consists of Justices Mirabal, Taft, and Price. (4)

Do not publish. Tex. R. App. P. 47.
1. Appellant pleaded not true to the burglary of a building enhancement, but true
to the theft enhancement.
2. The officers testified the money used in this case was later used by an
undercover policeman in another drug transaction. We do not find it
significant that the actual money exchanged and the photocopies of the money
were not in evidence at trial. See Coleman v. State, 794 S.W.2d 926, 928 (Tex.
App.--Houston [1st Dist.] 1990, no pet.).
3. The fact that appellant was in control of the van at the time the drugs were
discovered is the determining issue, not whether appellant owned the van or if
someone else had driven it earlier. See Villegas v. State, 871 S.W.2d 894, 897
(Tex. App.--Houston [1st Dist.] 1994, pet. ref'd).
4. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.