Opinion issued November 10, 2004 
     













In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00063-CR




TANDONDELEON FRAN ROBERTSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 962910




MEMORANDUM OPINION

          Appellant, Tandondeleon Fran Robertson, pleaded not guilty to the state-jail
felony offense of delivery of a controlled substance and pleaded true to two
enhancement paragraphs. A jury found appellant guilty, and his enhancements true,
and assessed his punishment at eight years in prison. In one issue, appellant contends
that the evidence is legally and factually insufficient to support his conviction. We
affirm.
Background
          At approximately 4:20 p.m. on September 25, 2003, Officer Echols and Officer
Bana, who were employed as undercover police officers with the Houston Police
Department, observed appellant standing at the intersection of McGowen and St.
Charles in south-central Houston, Harris County, Texas. Appellant flagged the
officers down by waving at them. When the officers stopped their truck, appellant
approached the driver’s side of the truck. Officer Echols, the driver, told appellant
that he was trying to purchase a “dime,” which is slang for $10 worth of crack
cocaine. Appellant responded that he only had a “twenty,” which is slang for $20
worth of crack cocaine. After Echols gave appellant two $10 bills, appellant spit a
crack rock out of his mouth and handed it to Officer Echols. As the officers drove
away, they notified surveillance officers over their police radio that a narcotics
purchase had been made and they relayed a description of appellant. 
          Officers Bana and Bufkin maintained constant surveillance of appellant
between the time that appellant approached the undercover police officers’ truck and
the time that he was arrested, which occurred less than two minutes later. During that
interval, and after the sale, but before the arrest, the officers saw appellant walk to a
fire hydrant, kneel down, and do something with his hands that was beyond their field
of vision. They also saw appellant speaking to a nearby female for about 30 seconds. 
Officer Schmidt, who was in uniform in a marked patrol car, arrested appellant, but
did not find any money or narcotics on appellant’s person or at the area near the fire
hydrant where appellant had knelt. Officer Echols and Officer Bana identified
appellant at the scene and in court as the same person who sold them the crack
cocaine. At trial, a chemist testified that the crack rock appellant sold to the officers
was cocaine weighing 0.2 grams.Sufficiency of the Evidence
          Appellant challenges the legal and factual sufficiency of the evidence to
support his conviction for delivery of a controlled substance on the grounds that the
evidence does not establish his identity as the person who sold the cocaine to the
undercover officer.
          The elements of the offense of delivery of a controlled substance are as
follows: (1) a person, (2) knowingly, (3) delivers, (4) a controlled substance. See
Tex. Health & Safety Code Ann. § 481.112(a) (Vernon 2003); see also Jackson
v. State, 84 S.W.3d 742, 744 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (citing
Stewart v. State, 718 S.W.2d 286, 288 (Tex. Crim. App.1986)).
Legal Sufficiency
          In assessing legal sufficiency, we determine whether, based on all of the record
evidence viewed in the light most favorable to the verdict, a rational jury could have
found the accused guilty of all of the essential elements of the offense beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89
(1979); Swearingen v. State, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003). In
conducting our review of the legal sufficiency of the evidence, we do not reevaluate
the weight and credibility of the evidence, but ensure only that the jury reached a
rational decision. Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993).
          Both Officer Echols and Officer Bana testified that appellant delivered a crack
rock to them, and the chemist showed that the substance was cocaine that weighed
less than a gram. Appellant claims that he was misidentified because the undisputed
evidence in the record shows that the money the officers gave to the dealer was not
recovered on appellant’s person or at the area near the fire hydrant, where they saw
appellant kneel after the sale. 
          Although the officers did not recover the money that they gave appellant,
possession of money used in a drug transaction is not a necessary element of the
charged offense. See Coleman v. State, 794 S.W.2d 926, 928 (Tex. App.—Houston
[1st Dist.] 1990, no pet.) (holding that State’s failure to offer or present into evidence
marked money used in undercover police-narcotics buy not prerequisite to conviction
for delivery of cocaine.). The peace officers’ positive identification alone is sufficient
to establish the identity of the narcotics seller. See Cartel v. State, 830 S.W.2d 757,
761 (Tex. App.—Houston [1st Dist.] 1992, no pet.) (holding police testimony
sufficient evidence to establish defendant’s identification for delivery of narcotics
conviction). Based on our review of all of the record evidence, viewed in the light
most favorable to the verdict, we conclude that a rational jury could have found
appellant guilty beyond a reasonable doubt of delivery of a controlled substance. 
Factual Sufficiency 
          In a factual-sufficiency review, we view all the evidence in a neutral light and
will set the verdict aside only if the evidence is so weak that the verdict is clearly
wrong and manifestly unjust, or the contrary evidence is so strong that the standard
of proof beyond a reasonable doubt could not have been met. Escamila v. State, 143
S.W.3d 814, 817 (Tex. Crim. App. 2004). In conducting a factual-sufficiency review,
we must discuss the evidence that appellant contends most undermines the jury’s
verdict. See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). Unless the
available record clearly reveals that a different result is appropriate, an appellate court
conducting a factual sufficiency review must defer to the jury’s determination
concerning what weight to give conflicting testimony because resolution often turns
on evaluation of credibility and demeanor. Johnson v. State, 23 S.W.3d 1, 8 (Tex.
Crim. App. 2000). 
          Appellant presented no witnesses at trial. Although the evidence is undisputed, 
interpreting and according significance to the evidence is disputed. Appellant
contends that this is a case of mistaken identity because the officers did not recover
the money


 used for the purchase, either on appellant’s person or near the fire hydrant
where appellant knelt before his arrest. 
          Four police officers testified concerning the events that occurred on September
25, but only Officer Bana and Officer Bufkin maintained constant visual contact of
appellant from the time that appellant stood at the undercover officers’ truck
purchasing the cocaine to the time that appellant was arrested.


 Officer Bana, the
passenger in the undercover police truck, testified that, as Officer Echols drove the
truck away after the sale, she knelt on the seat of the truck to turn toward the back
to watch appellant. Officer Bana saw appellant “run to the fire hydrant and kneel
down,” but she could not see what appellant was doing with his hands. Appellant
spoke to a woman for about 30 seconds. Officer Bana did not see anything
exchanged or transferred between appellant and the woman. According to Officer
Bana, the woman was still at the scene when the uniformed officer arrived, but she
was walking away as the officer got out of his patrol car. After appellant was
arrested, Officer Bana positively identified appellant as the person who sold Echols
the cocaine. 
          Officer Bufkin, who worked undercover as a surveillance officer, saw appellant
standing at the driver’s side of Officer Echol’s truck and interacting with the officers
in the truck. When the truck departed, Officer Bufkin saw appellant walk to the curb
area near a fire hydrant. Officer Bufkin learned from the officers in the truck that
appellant had sold them cocaine and he relayed that information to Officer Schmidt. 
Officer Bufkin drove his undercover car towards appellant, but he remained a
distance of about 30 to 40 feet away from appellant. When appellant bent down by
the fire hydrant, Officer Bufkin could not see what appellant was doing with his
hands. Officer Bufkin did not know whether appellant and a female near appellant
spoke, because “all [his] concentration was on the suspect.” Officer Bufkin saw
Officer Schmidt arrest appellant and testified that he had “no idea” what happened
to the money that Officer Echols had given appellant.  
          Appellant contends that this is a case of mistaken identity because, although
appellant was arrested almost immediately after the transaction, he was not in
possession of any drugs, weapons, or money even though the officers maintained
constant surveillance of him. The evidence shows, however, that appellant could
have disposed of the money when he was doing something with his hands near the
base of the fire hydrant, which was beyond the officers’ field of vision, and the
female nearby could have acquired the money because the officer focused only on
appellant. The female was with appellant for about 30 seconds and was still nearby
when the uniformed officer approached to arrest appellant, but was walking away and
was never arrested or searched. 
          Under the circumstances presented here, we cannot conclude that the evidence
is factually insufficient to sustain the conviction, either on the grounds that Officer
Bana did not actually observe any hand-to-hand exchange between appellant and the
female, or because the money was never found. The undisputed evidence in the
record shows that Officer Echols and Officer Bana positively identified appellant,
both at the scene and at trial, as the person who sold them the crack cocaine rock. In
addition, Officer Bufkin positively identified appellant as the person who stood by
Echol’s truck and was arrested by Officer Schmidt.
          Appellant’s contention on appeal is essentially an assertion that the three
officers who identified him are not credible because they are either lying or mistaken
about appellant’s identity as the narcotics seller. The jury, however, was in the best
position to judge the credibility of the officers. Despite knowing that the officers did
not recover the money, the jury found the officers’ testimony credible. Because the
available record here does not clearly reveal that a different result is appropriate, we
must defer to the jury’s determination in interpreting and according what weight to
give the testimony concerning appellant’s identification. See Johnson v. State, 23
S.W.3d at 8. 
          We conclude that the evidence is not so weak that the verdict is clearly wrong
and manifestly unjust; likewise, the contrary evidence is not so strong that the
standard of proof beyond a reasonable doubt could not have been met. Escamila, 143
S.W.3d at 817. 
          We conclude that the evidence is legally and factually sufficient to support the
verdict, and overrule appellant’s single issue on appeal.
Conclusion
          We affirm the judgment of the trial court. 






                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).