Affirmed and Opinion filed May 5, 2005









Affirmed
and Opinion filed May 5, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NOS. 14-04-00391-CR; 

        14-04-00392-CR

____________

 

CURTIS SANDERS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause No. 952,797;
952,798

 



 

O P I N I O N








Appellant, Curtis Sanders, appeals from
his convictions for delivery of a controlled substance weighing less than one
gram and possession of a controlled substance weighing more than one gram but
less than four grams.  After a jury found
him guilty, appellant was sentenced pursuant to a plea bargain agreement to
twenty years’ incarceration for the delivery conviction and thirty-five years’
incarceration for the possession conviction. 
On appeal, appellant contends that (1) the evidence is legally and
factually insufficient to support his convictions, and (2) he received
ineffective assistance of counsel in both the guilt/innocence and punishment
phases of trial.  We affirm.

Background

Officer Jim Goies of the Houston Police
Department testified that on June 20, 2003, he was working undercover for the
Narcotics Division.  He went to an
intersection that had been the subject of numerous complaints regarding the
sale of illicit drugs.  After failing to
purchase drugs from anyone inside a laundromat, Goies exited and saw two people
sitting in a vehicle in the parking lot. 
Goies stated that he gave them a “street sign” suggesting that he wanted
to purchase drugs, and the driver of the vehicle motioned him over.  Goies identified appellant as the driver of
the vehicle.  Goies stated that he told
appellant he wanted to purchase $20 worth of crack cocaine, and appellant told
him to get inside the car.  Goies got in,
and appellant retrieved a plastic bag containing rock-like substances from the
driver’s door.  Appellant reached into
the bag, pulled out two objects, and gave them to Goies.  Goies gave appellant $20 and exited the
vehicle.  Goies then contacted his
partner, Shy Reece, and told him that an illicit drug transaction had just
occurred.

Officer Reece testified that he was
watching the transaction through binoculars from a distance.  Although he could not see the details of the
transaction, he did see Goies enter and exit a tan Mazda.  After receiving word from Goies, Reece
contacted another officer in a marked patrol unit, giving him a description of
the vehicle and requesting that he detain the occupants.  A uniformed officer then detained appellant
and the female in the car until Goies reappeared on the scene.  Goies identified the appellant at the scene
and arrested him.  The female was
released.  Goies then searched the
vehicle and discovered a plastic bag containing additional rock-like substances
in the driver’s door.  Goies acknowledged
that the $20 bill he had given appellant was never recovered.








Vipul Patel, an HPD chemist, testified
that he tested the substances delivered to Goies and the substances found in the
plastic bag.  Both tested positive for
cocaine.  The substance delivered to
Goies weighed less than one gram, and the substance found in the bag weighed
1.5 grams.

Appellant testified that on the night in
question, he was at the laundromat with his common law wife to wash
clothes.  He stated that he drove a gold
Chrysler Sebring and not a tan Mazda.  He
further stated that while he was talking to a woman whom he knew, a police officer
called him over to the officer’s vehicle, searched him, his wife, and his
vehicle, but found nothing.  The officer
told him to get in the car; they drove around for awhile before returning to
find appellant’s car with the door open and the windows rolled down.  According to appellant, the officer then
drove him to a police substation and made two or three calls on his radio,
saying “y’all better come over and identify this man.  If you don’t I’m going to turn him a loose
[sic].”  Appellant said that his vehicle
was towed to the substation and searched once more; this time the officer
pulled something out.  Appellant
specifically denied having seen Goies prior to appearing in court.  He also denied selling drugs.

Appellant was charged with and convicted
of unlawfully, intentionally, and knowingly possessing a controlled substance,
namely cocaine, weighing more than one gram but less than four grams.  See Tex.
Health & Safety Code Ann. § 481.115 (Vernon 2003).  He was further charged with and convicted of
unlawfully and knowingly delivering by actual transfer to Officer Goies, a
controlled substance, namely cocaine, weighing less than one gram.  Id. § 481.112.  The State sought to increase punishment by
making several enhancement allegations. 
After the jury returned a verdict of guilty, counsel and appellant
announced to the court that they had reached a plea bargain regarding
punishment.  The court sentenced
appellant pursuant to this agreement to twenty years’ incarceration for the
delivery conviction and thirty-five years’ incarceration for the possession
conviction.

Sufficiency of the Evidence








In his first four issues, appellant
attacks the legal and factual sufficiency of the evidence to support his
convictions for possession and delivery of a controlled substance.  Because appellant makes the same basic
arguments under each issue, we will discuss them together.  We utilize the normal standards in conducting
our sufficiency review.  King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000) (legal sufficiency standards); Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (factual sufficiency
standards).

 Appellant contends that the evidence was
insufficient to sustain his convictions because the record reflects that (1)
the $20 bill that was allegedly used to purchase the cocaine was not recovered,
and appellant did not have time to dispose of it; (2) Officer Reece did not see
a drug transaction occur or see the appellant toss anything out of the
vehicle’s window, even though he was watching through binoculars; (3) appellant
was driving a gold Chrysler on the evening in question and not a tan Mazda; and
(4) appellant testified that very different events occurred that evening.








Appellant’s first point, that the $20 bill
was not recovered, must be viewed in light of Goies’s positive, clear, direct
testimony that he purchased and received cocaine from appellant.  See Bailey v. State, 848 S.W.2d 321,
321-22 (Tex. App.—Houston [1st Dist.]) (“The evidence showed appellant made a
face‑to‑face, hand‑to‑hand sale of cocaine to a Houston
police officer.  He was arrested minutes
later, despite his attempt to flee.  The
officer identified appellant at trial. 
The evidence is sufficient.”), vacated and remanded on other grounds,
867 S.W.2d 42 (Tex. Crim. App. 1993). 
Although the jury could have considered the failure to recover the bill
in assessing Goies’s credibility as a witness, this fact was not so damaging
that the jury could not still have believed Goies’s testimony over that of
appellant.  See Coleman v. State,
794 S.W.2d 926, 928 (Tex. App.—Houston [1st Dist.] 1990, no pet.) (holding
failure to offer marked $20 bill into evidence did not render evidence
insufficient where officer testified that he purchased illicit drugs from
defendant); see also Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim.
App. 2000) (stating that the jury is the sole judge of the credibility of
witnesses and has exclusive authority to reconcile conflicts in the
evidence).  Indeed, the testimony of
Goies and Reece reflects that several minutes elapsed between the time Goies
was in the vehicle and the time appellant was arrested and searched.  Appellant could have easily disposed of the
bill in some fashion during that time. 
Goies testified that they do not always recover marked money when making
an arrest for selling illicit drugs to an undercover officer.

Second, appellant relies on Reece’s
testimony that he could not actually see the details of what transpired inside
the vehicle and did not see appellant throw anything outside the vehicle.  Reece was seventy-five yards away from the vehicle
at the time of the transaction, and although he was watching through
binoculars, he stated that he could not have seen anything below the vehicles’
windows.  Thus, Reece’s testimony does
not refute Goies’s testimony that he purchased cocaine from appellant.  Further, just because Reece did not see
appellant throw anything out of the vehicle’s window does not mean that
appellant did not dispose of the $20 bill at some point.  Reece did not testify that he kept close
watch on appellant’s movement from the time Goies exited the vehicle until the
time appellant was searched.

Appellant’s third assertion, that he was
driving a gold Chrysler when Reece testified appellant was driving a tan Mazda,
is completely a matter of witness credibility for the jury to decide.  The jury could have believed Reece’s
testimony on this point and disbelieved appellant’s testimony.  See Margraves, 34 S.W.3d at 919.  Likewise, regarding appellant’s fourth
assertion, the fact that appellant testified to very different events than did
Officers Goies or Reece was also a matter of assessing credibility and
reconciling conflicts in the evidence; thus, whether to believe appellant or
the officers was for the jury to decide.  See id.

In summary, none of the arguments raised
by appellant renders the evidence legally or factually insufficient to sustain
the verdict.  See King, 29 S.W.3d
at 562; Johnson, 23 S.W.3d at 11. 
Accordingly, we overrule appellant’s first four issues.

Ineffective Assistance of Counsel








In his fifth and sixth issues, appellant
contends that he received ineffective assistance of counsel during both the
guilt/innocence and the punishment phases of the proceedings below.  The Sixth Amendment to the United States
Constitution guarantees the right to reasonably effective assistance of counsel
in criminal prosecutions.  U.S. Const. amend. VI; McMann v.
Richardson, 397 U.S. 759, 771 n.14 (1970). 
In reviewing an ineffective assistance claim, an appellate court “must
indulge a strong presumption that counsel’s conduct [fell] within the wide range
of reasonable professional assistance; that is, [appellant] must overcome the
presumption that, under the circumstances, the challenged action might be
considered sound trial strategy.”  Strickland
v. Washington, 466 U.S. 668, 689 (1984). 
Under the two‑pronged Strickland test, in order to
demonstrate ineffective assistance of counsel, a defendant must first show that
counsel’s performance was deficient, i.e., that his assistance fell
below an objective standard of reasonableness; second, a defendant must
affirmatively prove prejudice by showing a reasonable probability that, but for
counsel’s unprofessional errors, the result of the proceeding would have been
different.  Thompson v. State, 9
S.W.3d 808, 812 (Tex. Crim. App. 1999). 
Any allegation of ineffectiveness must be firmly founded in the record,
and the record must affirmatively demonstrate the alleged ineffectiveness.  Id. at 813.  Appellant bears the burden of proving by a
preponderance of the evidence that counsel was ineffective.  Id. 
The Court of Criminal Appeals has stated that in the majority of cases,
the record on direct appeal is simply undeveloped and cannot adequately reflect
the alleged failings of trial counsel.  Jackson
v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998).  This is particularly true when the alleged
deficiencies are matters of omission and not of commission that may be revealed
in the record.  Id.

In his fifth issue, appellant specifically
argues that his counsel was ineffective during the guilt/innocence phase
because she failed to (1) make an opening statement, (2) file a motion for the
appointment of an investigator, (3) file a motion to have the substances
weighed without packaging materials, and (4) obtain rulings on various motions.  We begin by noting that each of these alleged
deficiencies is a matter of omission, and the record is silent as to why
appellant’s trial counsel failed to perform these tasks.  See id.








Regarding appellant’s first argument,
concerning counsel’s failure to make an opening statement, we further note that
the record reflects that the prosecutor did not make an opening statement;
thus, defense counsel could not make an opening statement prior to presentation
of the State’s case.  See Moore v.
State, 868 S.W.2d 787, 791 (Tex. Crim. App. 1993).  Because the defense called only one witness,
appellant himself, trial counsel may have had strategic reasons for waiting
until closing argument to address the jury.

Regarding appellant’s second argument,
concerning the failure to have an investigator appointed, the record is silent
as to what investigation trial counsel herself performed and as to why counsel
may have concluded that there was no need for the appointment of an
investigator.  If she adequately
investigated the matter, there may have been no reason to have an investigator
appointed.[1]

Third, regarding the argument that counsel
failed to have the substances weighed without the packaging, the record is
devoid of any evidence of what investigation counsel may have done regarding
the substances and of any suggestion that the weight of the packaging would
have been sufficient to change the level of the offense.  See Diaz v. State, 905 S.W.2d 302,
306, 308 (Tex. App.—Corpus Christi 1995, no pet.) (holding counsel provided
ineffective assistance based on counsel’s motion for new trial testimony that
he accepted the weight of the contraband as set forth in the offense reports
and did not examine the contraband or request a quantitative analysis or that
the contraband be weighed without packaging). 
Thus, appellant has failed in his burden to demonstrate that the failure
to have the substance weighed without packaging constituted ineffective
assistance of counsel.

Lastly under this issue, appellant argues
that counsel’s failure to obtain rulings on various motions (many apparently
filed by appellant himself) constituted ineffective assistance.  Appellant fails to provide any analysis of
the motions or how the failure to obtain a ruling caused him any
prejudice.  Thus, this argument is
inadequately briefed and not supported by the record.  See Tex.
R. App. P. 38.1(h); Jackson, 973 S.W.2d at 957.








In his sixth issue, appellant specifically
argues that trial counsel was ineffective during the punishment phase because
she failed to (1) object to the State’s failure to prove the enhancement
paragraphs, (2) obtain a ruling on the motion to quash the enhancement
paragraphs, and (3) adequately investigate the alleged prior convictions.  Again, the record is completely silent
regarding counsel’s omissions.  See
Jackson, 973 S.W.2d at 957.  Specifically,
the record does not reflect whether or not counsel investigated the prior
convictions or what an investigation would have revealed.  Thus, appellant cannot meet either prong of
the Strickland test.  See
Thompson, 9 S.W.3d at 812.

Based on the foregoing, we find that
appellant failed to meet his burden of demonstrating ineffective assistance of
counsel on the record.  Accordingly, we
overrule his fifth and sixth issues.

We affirm the trial court’s judgment.

 

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Opinion filed May 5, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Frost.

Do
Not Publish — Tex. R. App. P.
47.2(b).











[1]  While counsel
does have a duty to make an independent investigation of the facts, the
existence of this duty does not relieve a defendant of the burden of proving
ineffective assistance by a preponderance of the evidence.  See Melton v. State, 987 S.W.2d 72,
76-77 (Tex. App.—Dallas 1998, no pet.) (applying preponderance of the evidence
standard in holding that counsel was ineffective for failing to independently
investigate).