SWEARENGIN V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-244-CR

RONALD PATRICK SWEARENGIN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant 
Ronald Patrick Swearengin appeals his conviction for possession and delivery of cocaine.  In two points, he complains that the evidence is factually insufficient to support his conviction because the evidence contradicting the jury’s verdict 
is so strong that his guilt cannot be proven beyond a reasonable doubt
.  We affirm.  

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.
(footnote: 2)  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.
(footnote: 3)  

There are two ways evidence may be factually insufficient:  (1) when the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment and, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.
(footnote: 4)  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”
(footnote: 5)  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.
(footnote: 6) 

In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.
(footnote: 7)  We may not substitute our judgment for the fact finder’s.
(footnote: 8)  

A proper factual sufficiency review requires an examination of all the evidence.
(footnote: 9)  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.
(footnote: 10)
 In this case, the State was required to prove beyond a reasonable doubt that appellant possessed the cocaine, that is, that he exercised care, custody, control, and management over the cocaine, and that he knew the matter was contraband.
(footnote: 11)  The State was also required to prove beyond a reasonable doubt that appellant knowingly delivered cocaine by completely transferring real possession and control of the substance to another person.
(footnote: 12) 

The following evidence was presented to the jury at guilt-innocence:

On December 9, 2004, Officer Kyle Jarrell and other members of his narcotics unit were patrolling the city in unmarked vehicles looking for drug activity when they noticed a group of people congregated in an area near Tennessee Street.  As Officer Jarrell approached the area, he saw a car pull up to a group of people on the street, and he watched appellant get out of the passenger side of the car and walk over to a woman, later identified as Pascha Johnson, and quickly hand her a plastic baggie. 

Officer Jarrell then pulled up to the curb where the group was congregating and walked over to Johnson.  As he approached her, she dropped the baggie.  Officer Jarrell immediately grabbed the baggie, detained appellant and Johnson, and eventually placed the couple under arrest.  Officer Jarrell said that he had no doubt that appellant had passed the baggie to Johnson and that it was the same baggie that he saw her drop to the ground.

Officer Jeff Lucio, another officer who was assisting Officer Jarrell in detaining appellant and Johnson, acted as the property officer and took custody of the items seized from the couple.  These items included the baggie that Johnson had previously dropped and a cigarette pack that Officer Lucio took from the top pocket of appellant’s jacket, which contained what Officer Lucio believed was a marijuana cigarette.  The officers also seized a 

crack pipe from Johnson, and two more crack pipes from two other women standing near Johnson.  Appellant did not have a crack pipe. 

Officer Lucio took custody of the cigarette pack and its contents, the baggie discovered by Officer Jarrell, and the three crack pipes at the scene.  He bagged and tagged the evidence, sealing it in an envelope and placing his initials, his identification number, and the service number on it,  and placed it in the police property room for later analysis.  Officer Lucio later identified the items he seized at trial.

Tom Ekis, a criminalist employed by Forensic Consultant Services, examined the substances seized by Lucio.  He reported that the baggie contained 0.10 gram of cocaine, the cigarette contained 0.27 gram of plant material and 0.10 gram of cocaine, and all three of the crack pipes contained cocaine residue.

At the request of appellant’s counsel, a private crime lab examined the cellophane baggie for fingerprints.  No identifiable fingerprints were found.  The fingerprint examiner said that this was not uncommon because, as the cellophane is used and becomes crinkled, the ability to develop fingerprints diminishes.  

Pascha Johnson, appellant’s girlfriend or common law wife, testified on his behalf.  Johnson made the following statements regarding the events that occurred on December 9, 2004, which conflict with those of the State’s witnesses: (1) appellant was not standing near her when the police arrived; (2) appellant did not hand her a baggie of cocaine; (3) the marijuana cigarette purportedly seized from appellant actually belonged to her; and (4) the police mixed up all the evidence that was seized from several different people.

During cross-examination, Johnson admitted that she had pleaded guilty to possession of cocaine in a trial arising out of the same events, that she had received a two-year prison sentence because it was her fourth conviction, and that she had lied under oath at that trial when she said that appellant had possessed the marijuana cigarette.  She also admitted that she once claimed the police had just picked up some cocaine and said it was hers, but that statement was a lie.  She explained that she had lied to protect herself and admitted that she lies when it benefits her.  However, she testified that she was telling the truth at appellant’s trial.

We conclude, after reviewing all of this evidence in a neutral light, favoring neither party, that the 
jury was rationally justified in finding appellant guilty beyond a reasonable doubt of possessing and delivering cocaine in this case.
(footnote: 13)  It was entirely for the jury to determine the credibility of the witnesses and which portions of testimony, if any, to give any weight.
(footnote: 14) 
 We decline to substitute our judgment for that of the jury on witness credibility or how much weight to give each witness’s testimony.
(footnote: 15) 
 Because the evidence is factually sufficient to support the jury’s verdict, we overrule appellant’s points. 

Accordingly, we affirm the trial court’s judgment.  

PER CURIAM

PANEL A: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 10, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).

3:
Id
. at 484. 

4:
Id
. at 484-85. 

5:
Id
. at 485. 

6:
Id
.

7:
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). 

8:
Zuniga, 
144 S.W.3d at 482.

9:
Id
. at 484, 486-87. 

10:
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

11:
See 
Tex. Health & Safety Code Ann.
 § 481.112(a) (Vernon 2003); 
see also King v. State
, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995) (explaining the elements of possession of cocaine).  

12:
See 
Tex. Health & Safety Code Ann.
 § 481.112(a)
; see also Coleman v. State
, 794 S.W.2d 926, 928 (Tex. App.—Houston [1st Dist.] 1990, no pet.) (citing 
Conaway v. State
, 738 S.W.2d 692, 695 (Tex. Crim. App. 1987) (reciting the elements for delivery of a controlled substance)).  

13:
See
 
Zuniga
, 144 S.W.3d at 484.

14:
Cain
, 958 S.W.2d at 407. 

15:
See Hanks v. State
, 137 S.W.3d 668, 671 (Tex. Crim. App. 2004); 
Cain
, 958 S.W.2d at 407 n.5 (both noting that the jury is sole trier of facts and judge of credibility).