COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-05-244-CR

 

RONALD PATRICK SWEARENGIN                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Ronald Patrick
Swearengin appeals his conviction for possession and delivery of cocaine.  In two points, he complains that the evidence
is factually insufficient to support his conviction because the evidence
contradicting the jury=s verdict is
so strong that his guilt cannot be proven beyond a reasonable doubt.  We affirm. 









In reviewing the factual
sufficiency of the evidence to support a conviction, we are to view all the
evidence in a neutral light, favoring neither party.[2]  The only question to be answered in a factual
sufficiency review is whether, considering the evidence in a neutral light, the
fact finder was rationally justified in finding guilt beyond a reasonable
doubt.[3]  

There are two ways evidence may
be factually insufficient:  (1) when the
evidence supporting the verdict or judgment, considered by itself, is too weak
to support the finding of guilt beyond a reasonable doubt; or (2) when there is
evidence both supporting and contradicting the verdict or judgment and,
weighing all of the evidence, the contrary evidence is so strong that guilt
cannot be proven beyond a reasonable doubt.[4]  AThis standard acknowledges that evidence of guilt can >preponderate= in favor of
conviction but still be insufficient to prove the elements of the crime beyond
a reasonable doubt.@[5]  In other words, evidence
supporting a guilty finding can outweigh the contrary proof but still be
insufficient to prove the elements of an offense beyond a reasonable doubt.[6]









In performing a factual
sufficiency review, we are to give deference to the fact finder=s determinations, including determinations involving the credibility
and demeanor of witnesses.[7]  We may not substitute our judgment for the
fact finder=s.[8]  

A proper factual sufficiency
review requires an examination of all the evidence.[9]  An opinion addressing factual sufficiency
must include a discussion of the most important and relevant evidence that
supports the appellant=s complaint
on appeal.[10]

In this case, the State was
required to prove beyond a reasonable doubt that appellant possessed the
cocaine, that is, that he exercised care, custody, control, and management over
the cocaine, and that he knew the matter was contraband.[11]  The State was also required to prove beyond a
reasonable doubt that appellant knowingly delivered cocaine by completely
transferring real possession and control of the substance to another person.[12]









The following evidence was
presented to the jury at guilt-innocence:

On December 9, 2004, Officer
Kyle Jarrell and other members of his narcotics unit were patrolling the city
in unmarked vehicles looking for drug activity when they noticed a group of
people congregated in an area near Tennessee Street.  As Officer Jarrell approached the area, he
saw a car pull up to a group of people on the street, and he watched appellant
get out of the passenger side of the car and walk over to a woman, later
identified as Pascha Johnson, and quickly hand her a plastic baggie. 

Officer Jarrell then pulled
up to the curb where the group was congregating and walked over to
Johnson.  As he approached her, she
dropped the baggie.  Officer Jarrell
immediately grabbed the baggie, detained appellant and Johnson, and eventually
placed the couple under arrest.  Officer
Jarrell said that he had no doubt that appellant had passed the baggie to
Johnson and that it was the same baggie that he saw her drop to the ground.

Officer Jeff Lucio, another
officer who was assisting Officer Jarrell in detaining appellant and Johnson,
acted as the property officer and took custody of the items seized from the
couple.  These items included the baggie
that Johnson had previously dropped and a cigarette pack that Officer Lucio
took from the top pocket of appellant=s jacket, which contained what Officer Lucio believed was a marijuana
cigarette.  The officers also seized a 








crack pipe from Johnson, and two more crack pipes
from two other women standing near Johnson. 
Appellant did not have a crack pipe. 

Officer Lucio took custody of
the cigarette pack and its contents, the baggie discovered by Officer Jarrell,
and the three crack pipes at the scene. 
He bagged and tagged the evidence, sealing it in an envelope and placing
his initials, his identification number, and the service number on it,  and placed it in the police property room for
later analysis.  Officer Lucio later
identified the items he seized at trial.

Tom Ekis, a criminalist
employed by Forensic Consultant Services, examined the substances seized by
Lucio.  He reported that the baggie
contained 0.10 gram of cocaine, the cigarette contained 0.27 gram of plant
material and 0.10 gram of cocaine, and all three of the crack pipes contained
cocaine residue.

At the request of appellant=s counsel, a private crime lab examined the cellophane baggie for
fingerprints.  No identifiable
fingerprints were found.  The fingerprint
examiner said that this was not uncommon because, as the cellophane is used and
becomes crinkled, the ability to develop fingerprints diminishes.  








Pascha Johnson, appellant=s girlfriend or common law wife, testified on his behalf.  Johnson made the following statements
regarding the events that occurred on December 9, 2004, which conflict with
those of the State=s witnesses:
(1) appellant was not standing near her when the police arrived; (2) appellant
did not hand her a baggie of cocaine; (3) the marijuana cigarette purportedly
seized from appellant actually belonged to her; and (4) the police mixed up all
the evidence that was seized from several different people.

During cross-examination,
Johnson admitted that she had pleaded guilty to possession of cocaine in a
trial arising out of the same events, that she had received a two-year prison
sentence because it was her fourth conviction, and that she had lied under oath
at that trial when she said that appellant had possessed the marijuana
cigarette.  She also admitted that she
once claimed the police had just picked up some cocaine and said it was hers,
but that statement was a lie.  She
explained that she had lied to protect herself and admitted that she lies when
it benefits her.  However, she testified
that she was telling the truth at appellant=s trial.








We conclude, after reviewing
all of this evidence in a neutral light, favoring neither party, that the jury
was rationally justified in finding appellant guilty beyond a reasonable doubt
of possessing and delivering cocaine in this case.[13]  It was entirely for the jury to determine the
credibility of the witnesses and which portions of testimony, if any, to give
any weight.[14]  We decline to substitute our judgment for
that of the jury on witness credibility or how much weight to give each witness=s testimony.[15]  Because the evidence is factually sufficient
to support the jury=s verdict,
we overrule appellant=s points. 

Accordingly, we affirm the
trial court=s
judgment.  

 

PER CURIAM

PANEL A:   CAYCE,
C.J.; LIVINGSTON and MCCOY, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
August 10, 2006

 

 











[1]See Tex. R. App. P. 47.4.





[2]See
Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).





[3]Id. at
484. 





[4]Id. at
484-85. 





[5]Id. at
485. 





[6]Id.





[7]Id. at
481; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). 





[8]Zuniga,
144 S.W.3d at 482.





[9]Id. at
484, 486-87. 





[10]Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).





[11]See Tex. Health & Safety Code Ann. '
481.112(a) (Vernon 2003); see also King v. State, 895 S.W.2d 701, 703
(Tex. Crim. App. 1995) (explaining the elements of possession of cocaine).  





[12]See Tex. Health & Safety Code Ann. '
481.112(a); see also Coleman v. State, 794 S.W.2d 926, 928 (Tex. App.CHouston
[1st Dist.] 1990, no pet.) (citing Conaway v. State, 738 S.W.2d 692, 695
(Tex. Crim. App. 1987) (reciting the elements for delivery of a controlled
substance)).  





[13]See Zuniga,
144 S.W.3d at 484.





[14]Cain, 958
S.W.2d at 407. 





[15]See
Hanks v. State, 137 S.W.3d 668, 671 (Tex. Crim. App. 2004); Cain,
958 S.W.2d at 407 n.5 (both noting that the jury is sole trier of facts and
judge of credibility).